UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JAMES R. POOLE,

Petitioner,

v.

MICHAEL O'KEEFE,
Commissioner, Minnesota Department
of Health and Human Services,

Respondent.

Civil No. 01-1460 (PAM/JGL)

**ORDER**

Petitioner has filed an application for writ of habeas corpus, claiming that he is being held at the Minnesota Security Hospital in Moose Lake, Minnesota, in violation of his rights under federal law and the Constitution. (Docket No. 1.)

Respondent will be required to file a written return to Petitioner's application, within thirty (30) days of the date of this Order, explaining his position in this matter. Such return shall address Petitioner's claims in light of relevant decisions of the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit. The return shall include copies of all written materials from prior state court proceedings that are relevant to the issues raised in the application. Respondent shall also state his position on the issue of whether each of Petitioner's present constitutional claims has been fairly presented to, and decided on the merits by, the highest available Minnesota state court, and, if not, whether any claims that have not been fairly presented could still be raised and adjudicated on the merits in the State courts.

FILED 8 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Also before the Court at this time is Petitioner's application for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 2.) Based on the financial information appearing in Petitioner's IFP application, the Court is satisfied that he is indigent. His request for IFP status will therefore be granted.

Finally, Petitioner has filed a "Motion For Appointment Of Counsel," (Docket No. 3), which must also be addressed. Indigent persons do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, the Court finds that neither the facts nor the legal issues raised in the petition are so complex as to warrant appointment of counsel. It appears to the Court that Petitioner has the threshold ability to articulate his claims, to argue his positions, and to communicate effectively with the Court. The Court does not believe that appointment of counsel would substantially benefit the Court or Petitioner. The Motion For Appointment Of Counsel will therefore be denied.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent shall file a written return to Petitioner's habeas corpus petition, consistent with the requirements of this order, within thirty (30) days after the date of this order;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), is GRANTED; and

3. Petitioner's "Motion For Appointment Of Counsel," (Docket No. 3), is DENIED.

Dated: August 15, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500