UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James R. Poole,

Petitioner,

v.

Michael O'Keefe, Commissioner,
Minnesota Department of Health
and Human Services,

Respondent.

Civ. File No. 01-1460 (PAM/JGL)

**MEMORANDUM & ORDER**

---

This matter before is before the Court on Petitioner's objections to the Report and Recommendation of Chief Magistrate Judge Jonathan G. Lebedoff dated February 13, 2002.

The Court must conduct a de novo review of the portions of the Magistrate Judge's opinion which are specifically objected to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.1(c)(2). The Court concludes that the Magistrate Judge's Report and Recommendation is correct and that Petitioner's habeas corpus petition should summarily be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

Petitioner James Poole is under court order of civil commitment to the Minnesota Sex Offender Program as a sexually dangerous person and a sexual psychopathic personality. Respondent Michael O'Keefe is the Commissioner of the Minnesota Department of Human

FILED APR 10 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 10 2002
DEPUTY CLERK

Services, which operates the Minnesota Sexual Psychopathic Personality Treatment Center, where Petitioner is confined. On August 8, 2001 Petitioner filed this habeas petition challenging the constitutionality of his civil commitment.

Petitioner, a medical school graduate, practiced general medicine with a substantial obstetrics-gynecology focus. In 1990, after an investigation, Petitioner was charged and convicted of thirteen counts of fourth-degree sexual conduct for sexually abusing eleven female patients. The Minnesota Court of Appeals and the Minnesota Supreme Court affirmed the convictions, but reduced his sentence to an aggregate sentence of 12 years. Petitioner was initially confined at MCF-Stillwater, and was subsequently transferred to the sex offender treatment program at MCF-Moose Lake in 1996. However, he was discharged from the program a year later for failure to satisfy program requirements. He was then transferred to MCF-Faribault.

Petitioner's scheduled release date from MCF-Faribault was July 26, 1999. On April 23, 1999, the Minnesota Attorney General filed a petition on behalf of Traverse County to commit Petitioner as a sexually psychopathic personality and sexually dangerous person as defined by statute. See Minn. Stat. § 253B.02, subds. 18b, 18c. The petition described in detail Petitioner's conduct with both his former patients and other women.

Judge Lindstrom, Traverse County District Court, presided over the commitment trial. The court found that Petitioner was both a sexually psychopathic personality and a sexually dangerous person and committed him to the Minnesota Sexual Psychopathic Personality Treatment Center. The Court of Appeals affirmed the commitment and the Minnesota

Supreme Court denied review. Petitioner then filed this habeas petition.

**DISCUSSION**

Petitioner objects to the Magistrate Judge's Report and Recommendation in its entirety, and also alleges that the Magistrate Judge erred in failing to consider new evidence presented by Petitioner. Specifically, Petitioner contends that the Magistrate Judge erred in finding that the commitment trial complied with (1) procedural due process; (2) the Sixth Amendment; (3) the Seventh Amendment; and (4) the Equal Protection Clause. Further, Petitioner objects to the Magistrate Judge's conclusion that he was not denied effective assistance of counsel. Finally, Petitioner asserts that the Magistrate Judge erred in failing to consider new evidence presented in Petitioner's reply brief, which evidence, according to Petitioner, warrants a new trial.

**A. Procedural Due Process**

Petitioner argues that the commitment trial was procedurally deficient because the court concluded that commitment was warranted using a clear and convincing evidentiary standard. The Supreme Court has held that the minimum standard required to satisfy procedural due process in a commitment proceeding is proof by clear and convincing evidence. See Addington v. Texas, 441 U.S. 418, 432-33 (1979). Each state is allowed to develop its own substantive standards for civil commitment so long as the procedures meet the constitutional minimum. Id. at 431. Minnesota's civil commitment statute complies with the minimum constitutional standard, requiring a showing by clear and convincing evidence that the proposed patient is mentally ill and dangerous to the public. See Minn.

Stat. § 253B.18, subd. 1.

Petitioner also argues that the commitment trial was procedurally deficient because he was denied a trial by jury. Due process of law requires notice and the opportunity to be heard. In Minnesota, the right to trial by jury does not apply to proceedings for the care and commitment of sexually irresponsible persons dangerous to others. See State ex rel. Pearson v. Probate Court of Ramsey County, 287 N.W. 297, 303 (Minn. 1939). Minnesota's commitment proceedings are not contrary to federal law. There is no Supreme Court case holding that a trial by jury is required for civil commitment proceedings. Thus, Minnesota law does not contradict a Supreme Court holding on a question of law, nor does it reach a different conclusion from a Supreme Court case involving indistinguishable facts. See Closs v. Weber, 238 F.2d 1018, 1020 (8th Cir. 2001). Therefore, the Minnesota civil commitment statute did not violate Petitioner's right to procedural due process.

**B. Sixth Amendment Claim**

The Magistrate Judge did not err in finding that Petitioner's Sixth Amendment rights were not violated. The Sixth Amendment provides that a criminal defendant shall have the right to "compulsory process for obtaining witnesses in his favor." U.S. Const. Amend. VI. However, a defendant must comply with the established rules of procedure and evidence to offer witness testimony. See Chambers v. Mississippi, 410 U.S. 284, 302 (1973).

Petitioner claims that he was denied compulsory process for obtaining witness testimony at the commitment trial. The trial court did not permit Petitioner's expert witness, Dr. Loftus, to testify because Petitioner failed to comply with the rules of procedure and the

rules of evidence. Specifically, Dr. Loftus's testimony was excluded because Petitioner failed to provide a written summary of her testimony in compliance with a pretrial scheduling order. Rather, Petitioner provided a short statement which failed to set forth the opinions required by the order. Dr. Loftus was also excluded because Petitioner failed to meet the foundational requirements for expert testimony. Dr. Loftus was classified as a rebuttal witness. She was to testify to the unreliability of testimony by government witnesses based on recovered-repressed memories. It was thus necessary for Dr. Loftus to be present during the testimony of these witnesses. Her failure to be present during this testimony meant that her testimony did not have the proper foundation. See Fed. R. Evid. 702; Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597 (1993). The court's exclusion of Dr. Loftus's testimony was not contrary to federal law.

**C. Seventh Amendment Claim**

Minnesota law, which does not provide a jury trial in civil commitment proceedings, is not contrary to the right to jury trial provided in the Seventh Amendment. There is no clearly established Supreme Court precedent requiring a jury trial in civil commitment proceedings. Further, the Seventh Amendment only extends to suits at common law. See U.S. Const. Amend. VII. Civil commitment trials are not suits at common law and therefore Petitioner's Seventh Amendment claim is without merit.

**D. Equal Protection**

Petitioner's equal protection claim also fails. Petitioner contends that he is being denied equal protection of the laws because other states use jury trials in civil commitment

proceedings. In order for a statute to withstand equal protection analysis, the classification of the statute must be reasonable, must be related to the purpose of the legislation, and all similarly situated individuals must be treated alike. See F.S. Royster Guano Co. v. Commonwealth of Virginia, 253 U.S. 412, 416 (1920). Petitioner's argument that he is not treated similarly to other civil commitment detainees in other states is without merit. Petitioner is not similarly situated to civil commitment detainees in other states, but rather is only similarly situated to civil commitment detainees in Minnesota. Because all civil commitment trials in Minnesota are bench trials rather than jury trials, Petitioner is not subject to disparate treatment within Minnesota.

Further, the concept of federalism allows each state to enact its own legislation rather than conform to a "uniform mold." See Addington v. Texas, 441 U.S. 418, 431 (1979). Both substantive and procedural standards may vary from state to state as long as they comply with the constitutional minimum. Id. Minnesota's civil commitment proceedings comply with this minimum, and thus Petitioner's equal protection claim fails.

**E. Ineffective Assistance of Counsel**

In order to establish ineffective assistance of counsel, a party must show that the lawyer's performance was deficient and that the lawyer's performance prejudiced the party's case. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Further, even if an error by counsel has been established, a conviction shall not be set aside unless there was an effect on judgment. Id. at 691. The burden rests with the party claiming ineffective assistance to affirmatively prove prejudice. Id. at 693. Specifically, Petitioner must show there is a

reasonable probability that absent the alleged errors, the factfinder would have a reasonable doubt respecting guilt. Id. at 695. Petitioner has failed to meet this burden and therefore was not wrongfully denied the effective assistance of counsel.

**F. New Evidence**

Federal habeas courts sit to prevent unconstitutional detainment, not to correct errors of fact. See Herrera v. Collins, 506 U.S. 390, 400 (1993). Consideration of new evidence must bear upon the constitutionality of the petitioner's detention. Id. The new evidence presented by Petitioner, that he has allegedly a "much lower risk to reoffend," does not concern the constitutionality of his detention, but rather is relevant to the factual determination of whether commitment was warranted in the first instance. Therefore, the Court may not entertain, on habeas review, the new evidence submitted by Petitioner.

**CONCLUSION**

As the statute requires, the Court has conducted a de novo review of the record regarding Magistrate Judge Lebedoff's Report and Recommendation. See 28 U.S.C. § 636(b)(1) (2001); D. Minn. L.R. 72.1(c). Based on that review, the Court **ADOPTS** the Report and Recommendation.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's application for habeas corpus relief (Clerk Doc. No. 1) is **SUMMARILY DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 10, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.