UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James R. Poole,

Civ. File No. 01-1460 (PAM/JGL)

Petitioner,

v.

**ORDER**

Michael O'Keefe, Commissioner,
Minnesota Department of Health
and Human Services,

Respondent.

---

This matter before is before the Court on Petitioner's request for a certificate of appealability. Petitioner seeks to appeal this Court's denial of his Petition for a Writ of Habeas Corpus.

An individual challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994). Instead, the prisoner must show that the issues to be raised on appeal are "debatable among

FILED JUN 14 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Petitioner claims that he has made a substantial showing that his constitutional rights are being violated. Specifically, Petitioner contends that his confinement pursuant to an order of civil commitment to the Minnesota Sex Offender Program, which was accomplished without a jury trial, denied Petitioner his due process rights. Petitioner asserts that the Minnesota law allowing confinement without a jury trial violates the Constitution.

While the Court believes that its decision denying the Petition is correct, it is clear that the issue of whether a jury trial is required before a person may be committed indefinitely is one that is "debatable among reasonable jurists." Petitioner has met his burden, and the requested certificate of appealability will issue.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's request for a certificate of appealability (Clerk Doc. No. 20) is **GRANTED**.

Dated: June 13, 2002

Paul A. Magnuson
United States District Court Judge